----

(7 Misc. Rep. 728.)

## In re NEWLAND'S ESTATE.

(Surrogate's Court, Chautauqua County. April 18, 1894.)

EXECUTORS' COMMISSIONS—ALLOWANCE TO SEVERAL EXECUTORS.

  Under Code Civ. Proc. § 2736, providing that full commissions on an estate exceeding $100,000 may be allowed to each of several executors, where one of two executors dies the surviving executor will be allowed full commissions on the entire estate, and half commissions on the amount not distributed, when his coexecutor died, and the estate of the deceased executor is entitled to full commissions on the amount actually received and paid out by both executors, and to half commissions on the amount not paid out at time of his death.

Settlement of the accounts of the executors of the will of Robert Newland.

Frank W. Stevens, for Fred A. Bentley, surviving executor, and Evelyn N. Post, sole legatee.

Jerome B. Fisher, for Frank E. Gifford, executor of John J. Kinney, and others.

SHERMAN, S. The personal estate of the testator exceeded in value more than $100,000 over all his debts. By his will he appointed Fred A. Bentley and John J. Kinney, Esq., executors thereof, both of whom qualified upon the probate of the will on October 8, 1891, and continued to act together in administering the estate up to the death of said Kinney, on February 19, 1893, since which time the surviving executor has acted alone in administering the estate. The executors, during the one year and four months prior to the death of Kinney, had collected, paid out, and distributed to legatees and others a considerable portion of the estate of the testator, and then had in their hands, undistributed, money and securities of said estate of the amount and value of over $30,000. The learned counsel of the surviving executor strongly claimed upon the argument and by his brief that only one full commission should be allowed upon this settlement, and that to the surviving executor, and none to the estate of the deceased executor. I hold and decide that the surviving executor is entitled to receive as compensation for his commissions upon final settlement and distribution of this estate the same that by law he would have been entitled to if he had been sole executor, and, in addition thereto, one-half of the commissions allowed by law upon all the property of the estate on hand and undistributed at the death of his coexecutor, John J. Kinney, on February 19, 1893. And I hold and decide that the executor of the estate of said Kinney, represented in this proceeding, is entitled to full compensation for commissions allowed by law upon all the property of the estate of the said Robert Newland actually received, paid out, and distributed to legatees and others by both of said executors up to the time of the death of said Kinney, on February 19, 1893, and that the estate of said Kinney is also entitled to one-half the commissions allowed by law upon all the property of the estate of said Newland held by both of the executors, and then remaining undistributed,—the same being in this case one-half of 1 per cent; thus allowing, in all, two full commissions upon all the property, real and personal, of the decedent, Robert Newland, authorized to be sold and distributed under his will. Code Civ. Proc. § 2736, as amended by Laws 1893, c. 686; Welling v. Welling, 3 Dem. Sur. 511; In re Garrison;[1] In re Kennedy;[2] Redf. Sur. Pr. (5th Ed.) 813, note 2; Smith v. Buchanan, 5 Dem. Sur. 169, hold that the proceeds of sale of real property made by the executors under the will are to be reckoned as part of the personal estate for the purpose of allowing commissions under

[1] See note 1 at end of case.  [2] See note 2 at end of case.

section 2736 of the Code of Civil Procedure. In re Kenworthy (Sup.) 17 N. Y. Supp. 655, holding that where the estate exceeds $100,000 personal property, over all debts of the decedent, and there are but three executors, each is entitled to full commissions based on the whole estate, irrespective of which executor actually handled it. Opinion by Barnard, P. J., second department supreme court. The above authorities appear to be in line with justice to the rights of all parties interested. I direct and decree accordingly upon the final judicial settlement and distribution of this estate, and that 10 days' notice for the hearing and adjustment before the surrogate as to values and amount of commissions be given to all parties interested.

### NOTE 1.

The following is the opinion of Surrogate Ransom (city and county of New York) in the Matter of the Estate of Cornelius K. Garrison, deceased, filed January 27, 1890:

"The estate of the testator amounts to $100,000 over the debts. Three of the persons named as executors in testator's will duly qualified. One of them died during the administration of the estate, and the survivors have rendered their accounts, and the same are now to be judicially settled by the decree to be entered. The executors claim that they are entitled to be allowed three full commissions, to be apportioned among them and the representatives of the deceased executor. They are right in their contention. Welling v. Welling, 3 Dem. Sur. 511. Commissions for receiving, but not for paying out, are allowed upon the moneys which are to be deposited to await the determination of a pending litigation."

### NOTE 2.

The following is the opinion of Surrogate Ransom in the Matter of the Estate of Harvey Kennedy, deceased, filed June 12, 1891:

"The testator appointed three executors, one of them being his wife, and provided, in case of the death of any of them other than his wife, for the appointment of another in place of the deceased executor. The wife predeceased the testator. The other two executors qualified, and entered upon the administration of the estate. One of them afterwards died, and in his place another qualified and has acted. It is claimed, the estate being of the value of $100,000 in excess of the decedent's debts, that three full commissions should be allowed, to be apportioned among the executors according to the respective services of the executors rendering them. This claim is untenable. The section (section 2736 of the Code of Civil Procedure) which provides for an allowance of more than one full commission where there is more than one executor, applies to cases where the executors have acted simultaneously in the administration of the trust, and not where they are appointed to succeed each other in office. In the latter case, if the number of executors is not increased, the number of full commissions to be allowed is not increased. The cases of Welling v. Welling, 3 Dem. Sur. 511, and In re Garrison [note 1, supra], where it was held that the surviving executors were entitled to full commissions in excess of the number of existing executors, were cases where there was another executor who had qualified and acted in the administration of the trust, but had died before its completion. The claim for three full commissions is disallowed."